# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **KENNETH DALE HOWE AND GWENDOLYN SUE HOWE** | * | **CIVIL ACTION NO. 05-0143** |
| | * | **JUDGE JAMES** |
| **VERSUS** | | |
| | * | **MAGISTRATE JUDGE HAYES** |
| **JOHN E. HUGHES, WARD 2 CEMETERY ASSOCIATION, AND MOREHOUSE PARISH POLICE JURY** | | |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are two Motions to Dismiss (Document Nos. 11 and 13) filed by defendants pursuant to F.R.C.P. Rule 12(b)(6). For reasons stated below, it is recommended that the motions be **GRANTED IN PART AND DENIED IN PART**.

Plaintiffs filed this action on January 5, 2005, alleging that defendants John E. Hughes, Ward Two Cemetery Association, and the Morehouse Parish Police Jury violated Gwendolyn Sue Howe's civil rights. Plaintiffs also alleged that John E. Hughes defamed and filed false criminal charges against both Gwendolyn Sue Howe and Kenneth Dale Howe.

All defendants move to dismiss the claims of Kenneth Dale How, arguing that he does not have a cause of action under 42 U.S.C. § 1983 as a spouse of a person who claims that her civil rights were violated. Additionally, the Morehouse Parish Police Jury claims that it is entitled to dismissal of all claims against it because it cannot be held responsible for the acts of its separate, independent, legal entities such as road districts or cemetery associations.

When considering a motion to dismiss, the Court must accept as true the well-pleaded factual allegations in the complaint, and construe them in the light most favorable to the plaintiff.

1

"The district court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**1. Kenneth Dale Howe claims**

In response to defendants' motion to dismiss Kenneth Dale Howe's civil rights claim, plaintiffs apparently acknowledge that Mr. Howe does not have standing to assert such a claim, but state that Mr. Kenneth Howe did not intend to bring a claim under 42 U.S.C. § 1983. Instead, they assert that his claim is limited to an independent cause of action for defamation stemming from the false criminal theft charges allegedly made against him by defendant Hughes. While Kenneth Howe adequately alleges a state law claim for defamation, it is less clear that this court has jurisdiction over such claim. The parties are not diverse, and there is no indication that the amount in controversy for Mr. Howe's claim exceeds $75,000.00. Thus, the only basis for jurisdiction would be supplemental jurisdiction under 28 U.S.C. § 1367.

Supplemental jurisdiction depends on whether the supplemental claim arises out of the same case or controversy as the federal claim, and whether the claims would ordinarily be tried as a single suit. In this case, Mr. Howe's claims do not arise out of Mrs. Howe's civil rights claim, but instead are, as he contends in the opposition to the motion to dismiss, separate and independent claims arising out the criminal charges made against him. While both plaintiffs' state law claims arise out of allegedly false allegations of theft, the evidence supporting a claim that Mr. Howe was defamed is not necessarily the same as the evidence supporting a claim that Mrs. Howe was defamed and only the defamation claims of Mrs. Howe are related to her termination.

Plaintiffs cite no authority, and the undersigned has found none, supporting an argument that this court has jurisdiction over an independent claim which, although it may share some common facts with another plaintiff's supplemental state law claim, is entirely independent of the other plaintiff's underlying civil rights claim. In the absence of such authority, the undersigned finds that this court lacks subject matter jurisdiction over Mr. Howe's claims and recommends that defendants' motions to dismiss Mr. Kenneth Howe's claims be **GRANTED** on that basis and that his state law claims be dismissed **without prejudice** for lack of subject matter jurisdiction. It is also recommended, for the sake of clarity, that any possible civil rights claim alleged by Mr. Howe in the original complaint be dismissed **with prejudice** for lack of standing.

### 2. Morehouse Parish Police Jury

The Morehouse Parish Police Jury also seeks dismissal of all claims against it on the basis that it cannot be held responsible for the acts of its separate, independent, legal entities such as road districts or cemetery associations. However, the plaintiff responds that her complaint alleges that the Cemetery Association and John E. Hughes were the final policy makers for the Police Jury in connection with Mrs. Howe's termination and that she has therefore stated a claim against the police jury under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and its progeny.

The United States Supreme Court in *Monell* held that "Congress did intend municipalities and other local government units to be included among those persons to whom §1983 applies." *Id.* at 690. However, the Court imposed substantial limitations on this liability. Municipal governments may be sued only for their own unconstitutional policies or customs, whether made by their lawmakers or by those whose edicts or acts may fairly be said to represent

3

official policy. Municipalities may not be liable under a respondeat superior theory. *Id.* at 691-92.

The cases interpreting *Monell* make it clear that a single decision may in some cases create municipal liability, if the decision was made by a final policymaker responsible for that activity. *Owen v. City of Independence, Mo.,* 445 U.S. 622 (1980); *Brown v. Bryan County, Oklahoma*, 219 F.3d 450, 457 (5th Cir.2000); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Turner v. Upton County, Texas*, 915 F.2d 133, 136-37 (5th Cir.1990), *cert. denied*, 498 U.S. 1069 (1991); *Bennett v. Pippin,* 74 F.3d 578, 586 (5th Cir.1996).

The substantive requirements for proof of municipal liability are stringent; however, municipalities are not entitled to immunity from suit, and a federal court may not apply a "heightened pleading standard" more stringent than the usual notice pleading requirements of F.R.C.P. Rule 8(a)(2). *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160 (1993).

In paragraph 15 of plaintiff's complaint (Document 1), she specifically alleges: "The Morehouse Parish Police Jury is liable for the illegal and unconstitutional actions of John E. Hughes and the Ward Two Cemetery Association, who were acting under color of state law, because the Cemetery Association and Hughes are final policy makers of official parish policy in the areas of their prescribed jurisdiction." Thus, the plaintiff's allegations against the Morehouse Parish Police Jury are sufficient to state a *Monell* claim against it. It is therefore recommended that the motion to dismiss the claims of Gwendolyn Sue Howe against the Morehouse Parish Police Jury be DENIED.

### 3. Conclusion

For the reasons stated above, it is recommended that the Motions to Dismiss (Documents 11 and 13) be GRANTED in Part and DENIED in Part as follows:

It is recommended that the Motion to Dismiss the claims of plaintiff Kenneth Dale Howe filed by defendants, John E. Hughs and Ward 2 Cemetery Association and Morehouse Parish Police Jury, be **GRANTED**, and Kenneth Dale Howe's civil rights claim, if any, dismissed **with** prejudice for lack of standing and that his state law claims be dismissed **without** prejudice for lack of subject matter jurisdiction.

It is further recommended that the Motion to Dismiss the claims of plaintiff Gwendolyn Sue Howe filed by defendant, Morehouse Parish Police Jury, be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(c) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 13th day of July, 2005

KAREN L. HAYES
U. S. MAGISTRATE JUDGE